JOHN H. HALL *vs.* JAMES TORRENS.

December 15, 1884.

Occupying Claimants—"Color of Title in Fee."—"Color of title in fee," in Gen. St. 1878, c. 75, § 15, means color of title in fee in the occupying claimant himself, or in the person under whom he claims.

Appeal by defendant from an order of the district court for Freeborn county, *Farmer*, J., presiding, refusing a new trial.

*Lovely & Morgan*, for appellant.

*Lafayette French*, for respondent, relied on *Wheeler* v. *Merriman*, 30 Minn. 372.

BERRY, J. This is an action in the nature of ejectment, in which, the plaintiff being found entitled to the land in controversy, the single question presented here is whether the defendant is entitled, un-

der Gen. St. 1878, *c.* 75, § 15, to compensation for improvements. The section provides that "when any person, under color of title in fee and in good faith, has peacefully taken possession of any land for which he has given a valuable consideration, \* \* \* neither such person nor his heirs \* \* \* shall be ejected from such land \* \* \* until compensation is tendered him or them for all improvements which he or they may have made upon said land previous to actual notice of the claim upon which the action" (in which he is sought to be ejected) "is founded."

Facts are found as follows: Easton, having color of title in fee to the land in controversy, agreed in writing to convey the same to defendant, on payment of his note for the purchase price, viz., $375. Under this agreement, defendant peaceably and in good faith took possession of the land; a possession which he has ever since retained, and during which he has made improvements upon the land in good faith, and prior to notice of any defects in his supposed right in the premises. Before notice of any such defects, he had also paid, towards the purchase price of the property and interest, $492.52.

Upon these findings we are of opinion that defendant is entitled to compensation for his improvements. The language of the statute, "under color of title in fee," is broad enough to include color of title in fee either in the occupying claimant himself, or color of title in fee in the person under whom he claims his right, whatever it is. In either case the claimant is in "under color of title in fee." This construction is not only entirely admissible with reference to the fair and natural meaning of the words used, but it completely harmonizes with the manifest spirit and purpose of the statute, which are to protect those who, in good faith and under shelter of an apparent good title in fee, have peaceably taken possession of lands, and in good faith improved the same, in the belief that the apparent title was a valid title, under which they were rightfully in possession and enjoyment. Certain expressions in *Wheeler* v. *Merriman,* 30 Minn. 372, referred to by respondent, attribute to the words "color of title in fee" a meaning more restricted than that above given; but, in using them, the court had in mind only the case before it, and not a case like the present.

This is an appeal from an order denying defendant's motion for a

new trial, the court below having in effect found, as matter of law, that defendant was not entitled to compensation for his improvements. The material facts of the case, except the value of defendant's improvements, having been admitted by stipulation of the parties, there would seem to be no occasion for further trial except as to such value. The order for judgment and the conclusions of law are accordingly set aside, and a new trial awarded to the extent indicated. The defendant, as prevailing party, is entitled to costs here.